NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STACEY RENEE HOOPER, *Appellant.*

No. 1 CA-CR 13-0193
FILED 5-13-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-131707-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By David Simpson

*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle

*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Acting Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

---

**N O R R I S**, Judge:

¶1        Stacey Renee Hooper appeals her convictions and sentences for attempt to commit aggravated assault, a class 6 felony, and aggravated assault, a class 5 felony, arguing the superior court should have allowed her to present evidence that the victim -- who was also the arresting officer -- had a motive to falsify criminal charges against her.  Applying the applicable standards of review, we disagree and affirm her convictions and sentences.  *See State v. Ellison*, 213 Ariz. 116, 129, 132, ¶¶ 42, 52, 140 P.3d 899, 912, 915 (2006) (appellate court generally reviews rulings on scope of cross-examination for abuse of discretion but reviews rulings that implicate Confrontation Clause de novo).

¶2        On June 14, 2012, a Phoenix business reported to police that a woman was being disruptive on its premises.  Officer R. arrived first on the scene, followed by Officers N., L., and P.  The officers found Hooper intoxicated and acting belligerently; Officer R. handcuffed her and placed her in the back of his patrol car while he investigated the incident.  The other officers stayed outside with Hooper.  While in the patrol car, Hooper was "using foul language," "yelling at the top of her lungs," and being "very disruptive."  Officer N. closed the car door and rolled up the window to "deescalate things."  After "about two minutes," Hooper calmed down, and Officer N. opened the door and rolled the window back down.

¶3        Officer R. finished his investigation and asked Hooper "if we could take her to . . . a detox center."  Hooper began swearing at the officers and told them to "just take [her] to jail."  Officer N. tried to calm her down, and she spit on him.  When he told her not to do that again, Hooper swore at him and spit on him a second time.  Officer N. then placed Hooper under arrest, and she kicked him just above the knee.  A grand jury indicted Hooper for one count of attempt to commit aggravated assault for spitting on Officer N. and one count of aggravated assault for kicking him.

**¶4**         Before trial, the State moved to preclude Hooper from introducing into evidence four incidents documented in Officer N.'s personnel file.  The police department had investigated the incidents and disciplined Officer N. for only two of them.  The superior court granted the State's motion after finding the evidence inadmissible because the two incidents resulting in disciplinary action and one of the investigated incidents were irrelevant and the other investigated incident was unsubstantiated.

**¶5**         Hooper argues on appeal, as she did in the superior court, that she should have been permitted, under the Sixth Amendment and Arizona Rule of Evidence 404(b), to present evidence of the prior incidents because it would have helped prove Officer N.'s motivation to falsify the criminal charges against her.  Specifically, she argues Officer N. had been investigated and disciplined in the past and those prior incidents motivated him to discredit Hooper by falsely accusing her of assaulting him because he feared investigation and discipline for locking her in a hot patrol car.  *See generally* Ariz. R. Evid. 404(b) (allowing admission of other act evidence to prove motive, even when same evidence inadmissible to prove action in conformity therewith); *State v. Almaguer*, 232 Ariz. 190, 197, ¶ 22, 303 P.3d 84, 91 (App. 2013) (Confrontation Clause "protects a defendant's ability to prove a witness's motive or bias").

**¶6**         We agree, however, with the superior court that the other act evidence was irrelevant and, thus, inadmissible because Hooper failed to show Officer N. had a motive to falsify criminal charges against her. Although Rule 404(b) allows the admission of other act evidence to show motive, "inherent in the rule is the assumption that the motive may be shown." *State v. Riley*, 141 Ariz. 15, 20, 684 P.2d 896, 901 (App. 1984).  In *Riley*, defense counsel attempted to impeach a witness by showing he had a motive to lie because he was paid for information and had "received other special considerations by the police."  *Id.*  The court allowed cross-examination as to the witness's status as a paid informant and whether he had received other benefits such as "a little extra slack or freedom" but refused to allow counsel to question the witness regarding other acts allegedly involving the sale of marijuana and a theft.  *Id.*  In affirming the superior court's exclusion of this evidence, we noted the defendant presented no evidence the witness had received any special consideration and concluded that "[w]hile the right of cross-examination is guaranteed by both the United States and Arizona Constitutions, that right does not confer a license to run at large into irrelevant matters."  *Id.* (citation omitted).

¶7        Here, as in *Riley*, Hooper presented no evidence to support her argument that Officer N. was motivated to falsify criminal charges against Hooper because he had locked her in a hot patrol car. To the contrary, Officer R. testified he had left his patrol car running with the air conditioning on, the window rolled down, and the door open. Consistent with that testimony, Officer N. testified he never locked Hooper "in a hot car with no air conditioning." He rolled up the window and shut the door, but the car was still running and the air conditioner was on. Moreover, although Hooper requested to speak with Officer N.'s supervisor when she arrived at the police station, her only complaint consisted of a pejorative statement about Officer N.

¶8        Additionally, Officer N. had no motive to falsify criminal charges because the evidence against Hooper was overwhelming. In addition to Officer N.'s testimony as to the spitting and kicking, Officers R. and P. testified they saw Hooper spit on Officer N., Officer P. testified she saw Hooper kick Officer N., and Officer N.'s supervisor testified Hooper acknowledged she had kicked Officer N. Hooper did not controvert any of this evidence.

¶9        For these reasons, we affirm Hooper's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: MJT